**SO ORDERED.**

**SIGNED this 24 day of March, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

    JESSIE LETCHWORTH and
    GAIL LETCHWORTH,

        Debtors.                              Case No. 06-00609-8-JRL
                                              Chapter 13

_____

## ORDER

    This case is before the court on the debtors' motion for exemption from credit counseling. On March 22, 2006, the court conducted a hearing on this matter in Wilson, North Carolina.

    The debtors requested the court to enter an order allowing them to be exempt from credit counseling due to disability. At the hearing, the debtors were present without their attorney. The debtors asserted that they had filled out the necessary forms for completing credit counseling through Hummingbird Credit Counseling and Education, had paid $40.00 for the credit counseling fee, and had followed their attorney's instructions.

An individual may not be a debtor without receiving credit counseling from an approved agency described in § 111(a) within the 180 days preceding the filing date unless one of the exceptions applies. 11 U.S.C. § 109(h)(1)-(4). To be exempted from credit counseling based on disability, the debtor must be "so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1)." 11 U.S.C. § 109(h)(4). The debtors, who were able to attend the hearing, walk into the court room, and speak to the Chapter 13 trustee and to the court, do not meet the applicable definition of disability.

Accordingly, the court denies the debtors' motion for exemption from credit counseling. The debtors' attorney is directed to file the certificate that the debtors completed pre-petition credit counseling.

**"END OF DOCUMENT"**